| THIBODEAUX, Judge.
Plaintiff James Landreneau is employed as Assistant Chief for the St. Landry Fire District and has been so employed since 1973. He appeals the workers’ compensation judge’s judgment on the Fire District’s motion for summary judgment, which was granted on the grounds that La.R.S. 33:2011 requires the presence of disabling cancer to invoke the presumption of medical causation and that Mr. Landre-neau’s cancer was not disabling.
For the reasons that follow, we affirm.
I.

ISSUES

We shall consider whether the workers’ compensation judge erred in interpreting the applicability of La.R.S. 33:2011 so as to require the presence of disabling cancer before the claimant is entitled to the presumption of medical causation contained therein.
II.

FACTS AND PROCEDURAL HISTORY

James Buford Landreneau was hired by the St. Landry Fire District No. 3 (hereinafter “Fire District”) in 1973 and remains employed as Assistant Chief. He suffers from bladder cancer — a cancer that has allegedly developed since his employment’s commencement. Mr. Landreneau believes that the bladder cancer involved is a type consistent with regular, consistent exposure to heat, smoke, or radiation as contemplated by La.R.S. 33:2011.
| j>Some of the medical expenses associated with the treatment of the recurrent bladder cancer have been partially paid by Mr. Landreneau’s private healthcare insurer. However, the Louisiana Workers’ Compensation Corporation (hereinafter “LWCC”), the workers’ compensation carrier for the Fire District, has refused to pay any medical expenses.
LWCC’s refusal prompted Mr. Landre-neau to file this claim. In response, the Fire District filed a motion for summary judgment which was accompanied by the depositions of Mr. Landreneau and Dr. *938 Frank Bacque, Mr. Landreneau’s treating urologist. A hearing was held June 22, 2001 and judgment was rendered, granting the motion, on June 25, 2001. In his Reasons for Judgment, the workers’ compensation judge stated that the language of La.R.S. 33:2011 is clear in that its application requires the presence of disabling cancer. In the opinion of the judge below, the testimony of both Mr. Landreneau and Dr. Bacque established that the claimant’s cancer was not disabling, therefore rendering La.R.S. 33:2011 inapplicable.
III.

LAW AND DISCUSSION

“Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.” Reynolds v. Select Properties, Ltd., 93-1480, p. 2 (La.4/11/94); 634 So.2d 1180, 1183; Leger v. La. Med. Mut. Ins. Co., 98-1098, p. 4 (La.App. 3 Cir. 3/31/99); 732 So.2d 654, 657, writ denied, 99-1253 (La.6/18/99); 745 So.2d 30. Stated differently, this court “asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine J^issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law.” Labbe v. Chem. Waste Management, Inc., 00-1772, pp. 4-5 (La. App. 3 Cir. 5/2/01); 786 So.2d 868, 872, unit denied, 2001-1602 (La.9/14/01); 796 So.2d 685 (quoting Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94); 639 So.2d 730, 750).
Louisiana Revised Statutes 33:2011 reads as follows:
A.Because of exposure to heat, smoke, and fumes or carcinogenic, poisonous, toxic, or chemical substances, when a firefighter in the classified service who has completed ten or more years of service is unable to perform his regular duties in the fire service in this state by reason of a disabling cancer, such cancer shall be classified as an occupational disease or infirmity connected with the duties of a firefighter. The disease or infirmity shall be presumed to have been caused by or to have resulted from the work performed. This presumption shall be rebuttable by evidence meeting judicial standards, and shall be extended to a member following termination of service for a period of three months for each full year of service not to exceed sixty months commencing with the last actual date of service.
B. The disabling cancer referred to in Subsection A shall be limited to the type of cancers which may be caused by exposure to heat, smoke, radiation, or a known or suspected carcinogen as defined by the International Agency for Research on Cancer. The disabling cancer shall also be limited to a cancer originating in the bladder, brain, colon, liver, pancreas, skin, or gastrointestinal tract, and leukemia.
C. The affected employee or his survivors shall be entitled to all rights and benefits as granted by state law to which one suffering an occupational injury is entitled as service connected in the line of duty.
D. The provisions of this Section shall not be construed to affect in any way the provisions of R.S. 33:2581.
(Emphasis added).
LThough proof of Subsection A may ultimately be made, we need not reach the issue here of whether Mr. Landreneau has been exposed to heat, smoke, and fumes or carcinogenic, poisonous, toxic, or chemical substances over the course of his ten plus years of service with the Fire District. Similarly, we need not reach sufficiency of *939 proof in connection with Subsection B either, especially since defense counsel stipulated at the hearing on the motion and for purposes of the motion that Mr. Landre-neau’s is the type of cancer which may be caused by exposure to heat, smoke, radiation or unknown or suspected carcinogens as defined by the International Agency for Research on Cancer. And though the proof seems clear, whether or not the cancer originated in the bladder is of no moment for our purposes here.
Our attention is focused on whether the cancer is disabling, as it must be, and on whether, in accord with the statute, it renders the firefighter unable to perform his regular duties in the fire service in this state. Then and only then will the cancer be presumed to have been caused by or to have resulted from the work performed. At the hearing on the motion, plaintiff’s counsel clearly stipulated that as of June 2001, Mr. Landreneau is not disabled by virtue of his cancer. Moreover, in his deposition, Mr. Landreneau was asked: “Okay. Does your medical condition affect your day-to-day ability to operate with the [fire] department now?” His response was “Not at the present.” Considering these facts, therefore, the statute is inapplicable and the lower court’s finding of such was correct.
In brief, Mr. Landreneau claims that the inapplicability of La.R.S. 33:2011 to the facts of this case will automatically mean that the LWCC will not, in the end, be required to pay. However, we agree with the Fire District that this is a misstatement of the law; indeed, our finding of inapplicability does not dispose of this case. Inapplicability only means that Mr. Landreneau is not entitled to the [..¡rebuttable presumption of causation provided therein, linking his cancer to his employment. He remains free, however, to pursue a traditional occupational disease claim under the Workers’ Compensation Act.
Louisiana Revised Statutes 33:2011
The statute contains similar language as that of the Heart and Lung Act contained in La.R.S. 33:2581.[1] According to this Act, if a disease or infirmity of the heart or lungs manifests after the first five years of employment in the classified fire service, then such disease or infirmity will be presumed, prima facie, to have developed during employment and to have been caused by or to have resulted from the nature of the work performed. The prima facie presumption effectively shifts the burden to the employer to show that the disease or infirmity developed apart from the firefighter’s employment. Meche v. City of Crowley Fire Dep’t., 96-577 (La. App. 3 Cir. 2/12/97); 688 So.2d 697, writ denied, 97-0632 (La.4/25/97); 692 So.2d 1088. Granted, the Heart and Lung Act does not contain the “disabling” language of La.R.S. 33:2011, but drawing an analogy between the two statutes underscores the clear goal of La.R.S. 33:2011, i.e., that it simply creates a causal presumption and shifts the burden to the employer to rebut *940 such presumption. This goal makes sense from a policy standpoint as well, since a disabled firefighter has a greater need than does a [¿non-disabled one. This greater need justifies his access to the presumption — a legislatively-created helping hand.
IV.

CONCLUSION

The workers’ compensation judge did not declare that Mr. Landreneau must be disabled by bladder cancer in order for the workers’ compensation carrier to ultimately be obligated to pay medical expenses associated therewith. The judge simply declared that the plain language of the statute requires that the cancer be disabling in order for the presumption to apply. That is a legally correct interpretation. Therefore, for the reasons assigned, the judgment appealed from is affirmed insofar as it grants the motion for summary judgment declaring no genuine issue of material fact as to the inapplicability of La.R.S. 33:2011.
All costs of appeal are assessed against James Landreneau.
AFFIRMED.

. Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.